# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| PUBLIC WATER SUPPLY DISTRICT | ) | |
| NO. 3 OF LACLEDE COUNTY, | ) | |
| MISSOURI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-3351-CV-S-GAF |
| | ) | |
| CITY OF LEBANON, MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Presently before the Court is Defendant City of Lebanon, Missouri's ("the City") Motion for Partial Summary Judgment filed pursuant to Fed. R. Civ. P. 56 ("Rule 56"). (Doc. #154). The City seeks dismissal of Plaintiff Public Water Supply District No. 3 of Laclede County, Missouri's ("Plaintiff") state law claims asserted against the City , specifically Counts Three, Four, and Five of Plaintiff's First Amended Complaint. *Id.* For the following reasons, the Court DENIES the City's Motion but DISMISSES Plaintiff's remaining claims.

## DISCUSSION

### I.     Facts

The present case arises from the City's alleged violation of Mo. Rev. Stat. § 247.160, § 247.165, and § 247.170 by servicing water and sewer customers within Plaintiff's territory without complying with these sections. (First Amended Complaint ("Compl."), ¶25).[1]  In its Amended

---

[1]In previous Orders, this Court granted the City summary judgment on all federal claims asserted against it by Plaintiff and therefore the only remaining claims lie under Missouri law. (Doc. ##63, 158).

1

Complaint, Plaintiff seeks monetary damages, an injunction, and a constructive trust as remedies for the City's alleged wrongful acts. *Id.* at ¶¶24-27. On November 20, 2008, this Court ruled that Plaintiff is a water and sewer district, either by following the procedures set forth in Chapter 247 of the Missouri Revised Statutes or through de facto status but did not define Plaintiff's boundaries. (Doc. #116). The parties continue to dispute Plaintiff's boundaries.[2] The following two paragraphs summarize the facts the parties' rely on in their respective depictions of Plaintiff's boundaries.

In 1967, the Circuit Court of Laclede County, Missouri ("the State Court") established Plaintiff as a water district. (1967 Decree of Incorporation ("1967 Decree")). The State Court amended Plaintiff's Decree of Incorporation in 1998, authorizing Plaintiff to establish a common sewer district and treatment facilities. (1998 Amended Decree of Incorporation ("1998 Decree")). Both the 1967 Decree and the 1998 Decree defined Plaintiff's boundaries, in relevant part, by referencing the City's limits as adopted on January 23, 1967. (1967 Decree, pp. 1-2; 1998 Decree, Ex. A). However, the 1967 Decree also divided Plaintiff's territory into five subdistricts, of which three bordered the City, and defined these three subdistricts' boundaries, in part, as "the corporate limits of Lebanon, Missouri." (1967 Decree, pp. 2-4). Additionally, no plat accompanied the 1967 Petition for Incorporation (Nov. 20, 2008 Order, p. 2) and the plat accompanying Plaintiff's 1998 Petition for Amended Decree of Incorporation ("1998 Petition") indicates Plaintiff's boundaries run all the way to and down Interstate 44 without depicting where the City's limits were located at the time of the amendment or in 1967. (1998 Petition, Ex. B).

Furthermore, Glenda Mott, Laclede County Clerk of the County Commission and Laclede

---

[2]The Court acknowledges the boundary dispute is a question of law, but for reasons discussed, finds it is without subject-matter jurisdiction over this matter.

County Election Official, states that "[t]he County Clerk's office does not consider persons residing within the limits of the City[] to be within [Plaintiff's] boundaries" and "[a]ccordingly, persons residing within the limits of the City[] are not permitted to vote in [Plaintiff's] elections." (Mott Aff., ¶4). Ms. Mott continues, stating she confirmed with the Missouri Secretary of State's Office that the County Clerk's office's practice is appropriate. *Id.* at ¶5.

Since the formation of Plaintiff as a public water supply district, the City has legally annexed portions of Plaintiff's territory into the City's limits and commenced water and/or sewer service to customers within those annexed areas. (Knapp Aff. (1), ¶¶12-13; Knapp Aff. (2), ¶5; Mo. Rev. Stat. § 71.012). However, the parties dispute whether the City was required to follow the detachment procedures in § 247.160, § 247.165, and § 247.170, and if it was, whether the City properly did so.

## II. Standard and Analysis

Pursuant to Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The party invoking jurisdiction bears the burden of establishing jurisdiction and that burden never shifts. *Osborn v. United States*, 918 F.2d 724 (8th Cir. 1990). If a state court has exclusive jurisdiction over a party's claim, federal courts lack subject-matter jurisdiction over that claim and dismissal is appropriate. *See Sianis v. Jensen*, 294 F.3d 994, 998-99 (8th Cir. 2002) (upholding district court's dismissal of claim based on finding that the Nebraska court had exclusive jurisdiction).

Furthermore, the Court should abstain from addressing a claim that depends on an uncertain determination that is within the exclusive jurisdiction of a state court. *List v. County of Carroll*, 240 Fed. Appx. 155, 157 (8th Cir. 2002). If a pending case involves a potentially controlling issue of state law that is unclear and a tenable interpretation of that state law is dispositive of the case,

3

federal courts must refrain from exercising jurisdiction. *Robinson v. City of Omaha*, 866 F.2d 1042, 1043 (8th Cir. 1989).

Plaintiff brings its claims under Mo. Rev. Stat. § 247.160, § 247.165, and § 247.170. Each section provides guidance to public water supply districts, municipalities, and Missouri circuit courts when a municipality annexes an area within a district's boundaries and describes specific procedures for the parties to follow to detach an annexed area from a district's territory. Section 247.160 applies when the district is providing service to the annexed area at the time of annexation and the district and the municipality come to an agreement regarding water service in that area. If the parties cannot come to an agreement under § 247.160, the municipality may institute proceedings under § 247.170 for detachment of the annexed area. When the district is not providing service to the annexed area at the time of annexation, § 247.165 sets forth procedures for instances when the parties come to an agreement and also when the parties cannot agree.

Under the plain language of these sections, it appears that the Missouri legislature did not provide for a remedy at law in the event the procedures set forth were not followed. The Court is unaware of any statute in the Missouri Code providing a remedy if Plaintiff is deprived of a state right[3] similar to the federal statute, 42 U.S.C. § 1983, which provides for a cause of action when a plaintiff is deprived of a federal right.[4]

---

[3]Whether Plaintiff has a right upon which it may assert damages against the City is further up for debate. The Missouri Supreme Court has held "that, as against the city, the [public water supply district] does not have the exclusive right to serve the area of the district lying within the corporate limits of the city." *Mathison v. Pub. Water Supply Dist. No. 2 of Jackson County*, 401 S.W.2d 424, 431 (Mo. 1966). Without the exclusive right to serve, it is unclear how Plaintiff could suffer any injury.

[4]Plaintiff did not provide any citation to such a section in the Missouri Code in either its Amended Petition or its Suggestions in Opposition to the pending Motion. Nor did Plaintiff cite

4

Nevertheless, even if § 247.160, § 247.165, and § 247.170 do provide a remedy at law for Plaintiff or it is entitled to some equitable relief such as an injunction or a constructive trust, the language indicates the Missouri legislature intended only the circuit court originally incorporating the public water supply district make determinations affecting the district's boundaries and grant such remedies. *See* § 247.160.2 ("an application shall be made by one of the contracting parties to the circuit court originally incorporating such district"); § 247.165.1 ("the agreement shall be submitted to the circuit court originally incorporating such district"); § 247.165.2 ("an application may be made by the district of the municipality to the circuit court originally incorporating such district"); § 247.170.1(1) ("[a] petition ... shall be filed in the circuit court of the county in which the district was originally organized.").[5] The Court therefore refrains from attempting to resolve the parties' dispute concerning the boundaries of Plaintiff's territory and determining Plaintiff's potential remedies because it appears the State Court has exclusive jurisdiction over Plaintiff's claims.

Alternatively, the Court declines to retain supplemental jurisdiction over Plaintiff's state law claims as no federal issues remain in the case and the state issues remaining are novel and complex. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-51 (1988) (when federal character of case is eliminated, the district court has discretion to retain jurisdiction, to remand, or to dismiss). *See also* 28 U.S.C. § 1367(c) (allowing district courts to decline supplemental jurisdiction if "the claim

---

any cases providing monetary damages for failure to proceed under § 247.160, § 247.165, or § 247.170.

[5]Furthermore, Plaintiff can hardly complain of the City's noncompliance with regards to § 247.160 and § 247.165 when those statutes also authorize Plaintiff to file an application for detachment. *See* § 247.160.2; § 247.165.2.

5

raises a novel or complex issue of State law" or "the district court has dismissed all claims over which it has original jurisdiction"). At the very least, the State Court should decide the parties' boundary dispute. *See* § 247.035; § 247.040; § 247.160; § 247.165; § 247.170. Without determining such boundaries, the Court or a jury cannot determine whether the City has in fact encroached upon Plaintiff's territory in order to compute monetary damages, in the event Plaintiff is entitled to such damages, or determine the scope of an injunction or a constructive trust. Therefore, the Court abstains from addressing these claims. *See List v. County of Carroll*, 240 Fed. Appx. 155, 157 (8th Cir. 2002). Because the only remaining claims arise under Missouri law and the State Court is required to resolve a state law issue, the Court declines to retain jurisdiction over the matter.

For these reasons, the Court DISMISSES Plaintiff's state claims and DENIES the City's Motion as MOOT.

**IT IS SO ORDERED.**

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: April 13, 2009

6